IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA N. FELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1774 |
| ) | |
| UPMC SENECA PLACE, ) | Judge Cercone |
| ) | Magistrate Judge Hay |
| Defendant. ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 16)) be granted.

II.  Report

The Plaintiff, Gina N. Felton, brought suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act, 23 P.S. §§ 951 *et seq.*, to redress violations of her right to be free from employment discrimination based upon her religion.  Pursuant to the applicable rules of procedure, counsel for the parties met and agreed that initial disclosures would occur on April 25, 2006.  The Defendant served discovery on Plaintiff in April, 2006.  To date, Plaintiff has not provided initial disclosures nor answers to the discovery requests despite repeated requests from Defendant's counsel.

As well, it appears that the Plaintiff has moved from this jurisdiction and cannot be located.  During a conference call with the Court on July 12, 2006, Plaintiff's counsel advised that Plaintiff had moved but had not yet contacted him with her new address and telephone

number. Counsel asked for and was granted time to attempt to locate Plaintiff, who apparently had indicated before leaving that she nevertheless wished to continue to pursue the instant litigation. During the subsequent status conference on August 15, 2006, Plaintiff's counsel informed the Court that despite his diligent efforts to locate his client, he had been unable to do so and, therefore, obviously could not respond to or conduct discovery at that point. In light of these circumstances, Defendant filed the instant motion to dismiss.

It is clear that the punitive dismissal of an action for failure to prosecute is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to provide contact information to her attorney or to otherwise communicate with him and her failure to make herself available for the prosecution of her claims, which weigh heavily against her. Taking these requisite steps to

prosecute her case was not only solely her personal responsibility but her failure to do so several months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- Defendant has incurred the expense of making initial discovery requests and attempting to obtain responses thereto, followed by the expense of filing a motion seeking dismissal of the case, and has also suffered general delay of the case. It appears that no responses to discovery are forthcoming, thus preventing Defendant from adequately defending against Plaintiff's claims.

Factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff, although it appears that Defendant may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the Plaintiff has apparently moved from the jurisdiction and despite diligent efforts by her attorney cannot be located, it does not appear that monetary sanctions are appropriate. Plaintiff appears to have abandoned her claims, leaving her counsel with no way to respond to discovery or to prosecute the case. It appears, then, that the Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the Defendant's motion to dismiss be granted and the case dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                        Respectfully submitted,

                                                       /s/ Amy Reynolds Hay
                                                       AMY REYNOLDS HAY
                                                       United States Magistrate Judge

Dated:   6 September, 2006

cc:     Michael J. Bruzzese, Esquire
        307 Fourth Avenue
        Suite 1008, The Bank Tower
        Pittsburgh, PA 15222

        John J. Myers, Esquire
        Ryan J. Siciliano, Esquire
        Eckert, Seamans, Cherin & Mellott
        600 Grant Street
        44th Floor
        Pittsburgh, PA 15219